# EXHIBIT A

**EXHIBIT A**

GERALD I. GILLOCK, ESQ.
Nevada Bar No. 51
MICHAEL H. COGGESHALL, ESQ.
Nevada Bar No. 14502
**GERALD I. GILLOCK & ASSOCIATES**
428 South Fourth Street
Las Vegas, NV 89101
Telephone: (702) 385-1482
Facsimile: (702) 385-2604
gillock@gmk-law.com

TIMOTHY R. O'REILLY, ESQ.
Nevada Bar No. 8866
TIMOTHY O'REILLY, CHTD.
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
Facsimile: (702) 384-6266
E-Mail: efile@oreillylawgroup.com

SAMUEL MIREJOVSKY, ESQ.
Nevada Bar No. 13919
ASHLEY M. WATKINS, ESQ.
Nevada Bar No. 13981
**SAM & ASH, LLP**
1108 S. Casino Center
Las Vegas, Nevada 89104
Telephone: (702) 820-4000
Facsimile: (702) 820-4444

*Attorneys for Plaintiff*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| KENNETH HICKERSON, individually, <br><br> Plaintiff, <br><br> vs. <br><br> WESTGATE LAS VEGAS RESORT, LLC, a Nevada Domestic limited liability company d/b/a WESTGATE LAS VEGAS RESORT & CASINO; DOE Individuals I–X; and ROE CORPORATIONS I–X, <br><br> Defendants. | CASE NO.: A-22-853639-C <br> DEPT. NO.: IV |

1

## SUMMONS - CIVIL

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:**

**WESTGATE LAS VEGAS RESORT, LLC**
**d/b/a WESTGATE LAS VEGAS RESORT & CASINO**

A civil Complaint has been filed by the Plaintiffs against you for relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served to you, exclusive of the day of service, you must do the following:

   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fees;

   (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff, and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

…

…

2

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission member and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

DATED this 22nd day of August, 2022.

| Issued at the Request of:<br><br>By: /s/ Michael H. Coggeshall<br>GERALD I. GILLOCK, ESQ.<br>Nevada Bar No. 51<br>MICHAEL H. COGGESHALL, ESQ.<br>Nevada Bar No. 14502<br>GERALD I. GILLOCK & ASSOCIATES<br>428 South Fourth Street<br>Las Vegas, NV 89101<br><br>*Attorneys for Plaintiff* | CLERK OF COURT:<br>STEVEN D. GRIERSON<br><br>By: ⟨signature⟩   8/23/2022<br>DEPUTY CLERK          DATE<br><br>Regional Justice Center<br>200 Lewis Avenue<br>Las Vegas, NV 89155<br><br>Demond Palmer |

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

3

Electronically Filed
6/6/2022 5:02 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
TIMOTHY R. O'REILLY, ESQ.
Nevada Bar No. 8866
TRACIE JEFCIK, ESQ.
Nevada Bar No. 15575
**O'REILLY LAW GROUP, LLC**
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
Facsimile: (702) 384-6266
E-Mail: efile@oreillylawgroup.com

GERALD I. GILLOCK, ESQ.
Nevada Bar No. 51
MICHAEL H. COGGESHALL, ESQ.
Nevada Bar No. 14502
**GERALD I. GILLOCK & ASSOCIATES**
428 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 386-0000
Facsimile: (702) 385-2604
gillock@gmk-law.com

SAMUEL MIREJOVSKY, ESQ.
Nevada Bar No. 13919
ASHLEY M. WATKINS, ESQ.
Nevada Bar No. 13981
**SAM & ASH, LLP**
1108 S. Casino Center
Las Vegas, Nevada 89104
Telephone: (702) 820-4000
Facsimile: (702) 820-4444
*Attorneys for Plaintiff*

CASE NO: A-22-853639-C
Department 4

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

KENNETH HICKERSON, an individual,

  Plaintiff,

vs.

WESTGATE LAS VEGAS RESORT, LLC, a Nevada DOMESTIC limited liability company, d/b/a WESTGATE LAS VEGAS RESORT & CASINO; DOE Individuals I through X; and ROE Corporations and Organizations I through V, inclusive,

  Defendants.

CASE NO.:
DEPT. NO.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Page 1 of 7

     **COMES NOW**, Plaintiff, KENNETH HICKERSON ("Mr. Hickerson"), by and through his counsel of record, O'REILLY LAW GROUP, LLC; GERALD I. GILLOCK & ASSOCIATES; and SAM & ASH, LLP, and hereby makes his complaint against the above named Defendants, DOE Individuals I through X, and ROE Corporations and Organizations I through V, inclusive (collectively referred to as "Defendants") as follows:

## I.

## PARTIES

1. At all times relevant to this case, Mr. Hickerson was, and is, a citizen of the state of Ohio.

2. At all times relevant to this case, WESTGATE LAS VEGAS RESORT, LLC, was and is, a Nevada limited-liability company, doing business as WESTGATE LAS VEGAS RESORT & CASINO ("Westgate"), licensed to do business in Clark County, Nevada, and located at 3000 Paradise Road, Las Vegas Nevada, 89109 and thereby subject to the laws of the State of Nevada.

3. Plaintiff is without sufficient information to properly name the true names of defendants DOE Individuals I through X and ROE Corporations and Organizations I through V ("Fictitious Defendants"), and Plaintiff reserves the right to amend the complaint to more properly identify the Fictitious Defendants. Each Fictitious Defendant is in some way liable to Plaintiff or claims some right, title, or interest in Westgate that is subsequent to or subject to the interests of Plaintiff. Each Fictitious Defendant is in some way liable for damages to Plaintiff due to the ownership interest, agency relationship, or partnership interest with Westgate and/or its owners, managers, supervisors, employers, employees, contractors, or other principals or agents acting for or on behalf of Westgate. Each Fictitious Defendant is directly and/or vicariously liable to Plaintiff due to the actual, apparent, implied, or express authority granted to or by such Fictitious Defendant by or to any owner, manager, supervisor, employer, employee, contractor, or other principal or agent acting for or on behalf of Westgate and any of its subsidiaries or parent companies.

. . .

. . .

## II.

## JURISDICTION

4. The Court has jurisdiction in this case because damages exceed $15,000.00 and Defendants are domiciled and licensed to do business in Clark County, Nevada.

5. Upon information and belief, the Court has jurisdiction over the Fictitious Defendants, as the Fictitious Defendants engaged in business or took actions within the State of Nevada regarding the alleged injuries sufficient to establish personal jurisdiction.

## III.

## VENUE

6. Venue is proper in this judicial district because the case arises from incidents occurring in this district.

## IV.

## FACTUAL BACKGROUND

### (Allegations Common to All Causes of Action)

7. On June 25, 2020, Mr. Hickerson was a hotel guest staying at the Westgate.

8. Mr. Hickerson proceeded through the Westage lobby on the way to his hotel room.

9. Suddenly, and without warning, Mr. Hickerson slipped on the wet marble floor and fell onto his back and elbows (the "Fall").

10. The initial pain was so severe that Mr. Hickerson had trouble getting up and unto his feet.

11. Upon information and belief, Westgate employees only placed wet floor signs and moped up the puddle after they learned that Mr. Hickerson had fallen.

12. Mr. Hickerson returned to his hotel room and where he remained in excruciating pain from his neck, through his back, and in his chest and elbow.

13. Over the next several days, Mr. Hickerson continued to take ibuprofen, apply ice to his body, and rest in order to alleviate his pain.

14. On June 29, 2020, Mr. Hickerson grew concerned about his growing and intense pain and he presented to Metro Health System's emergency room.

15. As a result of the Fall, Mr. Hickerson now suffers from paraspinal muscle spasms, knee pain, and chronic midline lower back pain with sciatica pain to both legs.

16. Mr. Hickeron's daily routine has been effected by the Fall as he is often in a state of pain that hinders his ability to stand or sit for prolonged periods of time throughout the day.

17. As a result of the Fall, Mr. Hickerson has undergone multiple hospital visits and physical therapy sessions in an attempt to relieve his pain.

V.

**FIRST CAUSE OF ACTION**

NEGLIGENCE

(As to DOES I-X and Westgate)

18. Plaintiff repeats and re-alleges the preceding paragraphs as though fully set forth herein by this reference.

19. At all times relevant herein, Defendant DOE employees and Westgate knew, or in the exercise of reasonable care should have known, that failure to maintain Westgate's premises was of such a nature that was likely to injure persons walking along the floors, including Plaintiff.

20. Defendants owed Plaintiff the duty of reasonable care to maintain the floors of the Westgate.

21. Defendants breached its duty by failing to properly maintain the floors of the Westgate.

22. More specifically, Defendants breached their duty by failing to keep its floors free from large spills and puddles which constitutes a slipping hazard to its patrons.

23. Additionally, Defendants owed a duty to all its patrons, including Plaintiff, to warn of hazardous conditions on Westgate's property.

24. Defendants breached this duty by failing to warn Plaintiff of the wet floor in the lobby.

25. Finally, Defendants owed a duty to its patrons, including Plaintiff, to close the area of the lobby or post a wet floor warning to prevent Westgate's patrons from injury by the wet floor.

26. Defendants breached its duty by failing to close the area of the Lobby or post a wet floor warning where Plaintiff was injured by the wet floor.

26. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered past and future, general and special damages in excess of $15,000.

27. As a direct and proximate result of Defendant's negligence, Plaintiff has had to retain counsel to prosecute this action and is therefore entitled to collect his reasonable attorneys' fees and costs.

## VI.

## SECOND CAUSE OF ACTION

### NEGLIGENT HIRING AND SUPERVISION

(As to Westgate)

28. Plaintiff repeats and re-alleges the preceding paragraphs as though fully set forth herein by this reference.

29. At all times relevant herein, Defendant owed a duty to Plaintiff to employ competent employees and/or agents, adequately trained to maintain Westgate's floors, or at the very least, close the area or post a warning sign during cleaning to prevent patrons, including Plaintiff, from coming into contact with the wet floor.

30. Defendant breached its duty to Plaintiff by failing to employ competent employees or agents, adequately trained to maintain Westgate's floors.

31. As a direct and proximate result of Defendant's negligence in hiring and/or training its employees, Plaintiff has suffered past and future, general and special damages in excess of $15,000.

32. As a direct and proximate result of Defendant's negligence in hiring and/or training its employees, Plaintiff has had to retain counsel to prosecute this action and is therefore entitled to collect his reasonable attorneys' fees and costs.

. . .

. . .

. . .

## VII.

## THIRD CAUSE OF ACTION

## VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

### (As to Westgate)

33. Plaintiff repeats and re-alleges the preceding paragraphs as though fully set forth herein by this reference.

34. Defendant Westgate's agents and/or employees were acting within the scope of their employment, under Defendant's control, and in furtherance of Defendant's interests at the time of their actions, or inaction, and caused injury to Mr. Hickerson.

35. Defendant is vicariously liable for damages resulting from its agents' and/or employees' negligence committed during the scope of their employment.

36. As a direct and proximate result of Defendant's agents' and/or employees' negligence and carelessness, Mr. Hickerson has suffered the injuries and damages alleged herein and as proven at trial.

37. As a direct and proximate result of Defendant's agents' and/or employees' negligence and carelessness, Plaintiff has suffered past and future, general and special damages in excess of $15,000.00.

38. As a direct and proximate result of the negligent actions or inactions of the employees or agents of Defendant, Plaintiff has had to retain counsel to prosecute this action and is therefore entitled to collect his reasonable attorneys' fees and costs.

## VIII.

## REQUEST FOR RELIEF

Plaintiff respectfully requests this Honorable Court issue an order:

1. Awarding past and future general damages to Plaintiff for an amount to be determined at trial;

2. Awarding past and future special damages to Plaintiff for an amount to be determined at trial;

3. Granting an award of attorneys' fees and costs against Defendant; and

4. Granting any other just or equitable relief this Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable and does not waive that right.

DATED: June 6, 2022         **O'REILLY LAW GROUP, LLC**

By: /s/ *Tracie M. Jefcik*
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
Tracie M. Jefcik, Esq.
Nevada Bar No. 15575
325 South Maryland Parkway
Las Vegas, Nevada 89101
Attorneys for Plaintiff