UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH HICKERSON, | Case No.: 2:22-cv-01629-APG-BNW |
| Plaintiff | **Order to Show Cause Why This Case Should Not Be Remanded** |
| v. | |
| WESTGATE LAS VEGAS RESORT, LLC, | |
| Defendant | |

Defendant Westgate Las Vegas Resort, LLC removed this action from state court based on diversity jurisdiction. ECF No. 1.  If removal is sought based on diversity of citizenship, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  If the initial pleading seeks nonmonetary relief or "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "the notice of removal may assert the amount in controversy," but only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2).

> Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. . . . This burden is particularly stringent for removing defendants because the removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.

*Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017) (simplified). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Where "it is unclear

what amount of damages the plaintiff has sought," as with claims governed by Nevada Rule of Civil Procedure 8(a), "then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.*

To determine the amount in controversy on removal a court may consider the facts alleged in the complaint and in the notice of removal, and may "'require the parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)).  A court also has discretion to consider a plaintiff's formal judicial admission that the amount in controversy is met. *Id.* at 376.

Westgate has not submitted evidence to show the amount in controversy requirement is satisfied.  It states that the plaintiff has informed it that he values his claims at over $100,000. ECF No. 1 at 2.  But Westgate presents no evidence to that effect.  Accordingly, I cannot exercise subject matter jurisdiction in this action.  However, before remanding to the state court, I will permit Westgate to present any evidence relevant to the amount in controversy at the time of removal.

I THEREFORE ORDER that defendant Westgate Las Vegas Resort, LLC shall show cause in writing as to why this action should not be remanded to the state court for lack of subject matter jurisdiction.  Failure to show cause by October 14, 2022 will result in remand to the state court.

DATED this 27th day of September, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE